CHARLES R. DOANE *vs.* WILLIAM P. BAKER.

An officer who has suffered a voluntary escape of a debtor whom he has arrested on execu
tion cannot arrest him again upon the same execution; and the magistrate before whom
the debtor is brought upon the second arrest has no jurisdiction to determine upon the
right of the officer to make it.

The admission of evidence, which may have been incompetent, to prove facts which were
proved by other evidence, furnishes no ground for a new trial.

TORT against a deputy sheriff for a false imprisonment.

At the trial in the superior court, before *Allen*, C. J., it ap
peared that the defendant, by virtue of an execution committed
to him, arrested the plaintiff on the 13th of November 1860,
and took him before a commissioner of insolvency, who issued
a notice of the plaintiff's desire to take the oath for the relief
of poor debtors, which was duly served, and in pursuance
thereof the plaintiff and the creditor appeared, and the case was
continued, and by consent of the creditor's attorney and of the
defendant the plaintiff was permitted to go upon the verbal
promise of his attorney, John M. Way, that he should appear at
the subsequent hearings, and the examination was postponed
from time to time until the 4th of December, when, there being
no appearance for the creditor, the commissioner informed the
plaintiff that he should discharge him if there had been no
agreement for a further continuance, and, upon Way's stating
that there had been no such agreement, said to the plaintiff,
" You are discharged." The plaintiff thereupon left, and at-
tended to his business as usual, without interference from Way
or the defendant, until the 1st of February 1861, when the defend-
ant, by direction of the creditor's attorney, arrested the plaintiff
on the same execution, against the plaintiff's objection, and
took him before a commissioner, who decided to proceed, and
on that and subsequent days the plaintiff was examined, under
a written protest on his part, until the 6th of February, when
for his refusal to sign his name at the bottom of every page of
his examination, the commissioner issued a mittimus to commit
him for contempt, and annexed to the execution a certificate

refusing the oath. The defendant, by virtue of the mittimus and execution, thereupon committed the plaintiff to jail.

The plaintiff also was allowed, under objection, to introduce in evidence the record of the commissioner, showing minutes of the same proceedings before him which appeared by the other evidence.

The defendant requested the court to instruct the jury that the decision of the commissioner to go on with the examination in February was an adjudication that the plaintiff was not discharged by him or by the officer; and that, inasmuch as the commissioner was not satisfied with the examination, it was his right and duty to send the plaintiff to jail, and it was the duty of the officer to commit him on the execution. The judge refused so to rule, and instructed the jury that if they should be satisfied that the plaintiff was voluntarily permitted by the defendant and the execution creditor to go at large, especially from the 4th of December to the 1st of February, the defendant had no legal right to arrest him again on the latter day, against his objection, on the execution; and that, in such case, he had no legal right to commit him to jail on the 6th of February, against his protestations.

The jury returned a verdict for the plaintiff, with $500 damages; and the defendant alleged exceptions.

*S. J. Thomas & E. Pearson*, for the defendant, cited *Butler* v. *Washburn*, 5 Fost. (N. H.) 251, 258; *Langdon* v. *Chittington*, 2 Root, 133, 135; *Foster* v. *Collamer*, 10 Verm. 469; *Brown* v. *Getchell*, 11 Mass. 11; *Stevens* v. *Jackson*, 6 Taunt. 106; Dalton on Sheriffs, 139.

*J. S. Abbott*, for the plaintiff, cited *Doane* v. *Bartlett*, 4 Allen, 74; *Little* v. *Newburyport Bank*, 14 Mass. 447; *Appleby* v. *Clark*, 10 Mass. 59; *Commonwealth* v. *Drew*, 4 Mass. 395.

BIGELOW, C. J. The jury have found that a voluntary escape was committed by the debtor, the present plaintiff, prior to the first day of February 1861. This finding was under instructions to which no exceptions were taken, and upon facts stated in the exceptions which fully justified it. After such escape, the debtor could not be again lawfully arrested on the same execution.

*Doane* v. *Bartlett*, 4 Allen, 74. The commissioner of insolvency haa no authority or jurisdiction to determine whether such an escape had taken place. He had no power to do aught except to be present at the examination of the debtor, to see that it was properly conducted, to enforce all his own lawful orders necessary to the proper and full completion of such examination, and to adjudicate on the right of the debtor to take the oath prescribed by law. The lawfulness of the debtor's arrest on the execution was not within his cognizance.

The minutes of the commissioner admitted in evidence appear to us to have been immaterial to the issue before the jury, and to have worked no prejudice to the defendant.

*Exceptions overruled.*